■ IRVING I. ERDHEIM, as Executor of NANCY MEURER, Deceased, Respondent, v. JOHN MEURER, Appellant.— Order entered, May 25, 1964, finding defend-

ant in contempt of court and fining him $500, affirmed, without costs and disbursements. Order entered September 18, 1964, granting defendant's motion to modify the order entered on May 25, 1964, to the extent of permitting defendant to purge himself of contempt by accounting to the receiver and by paying the fine of $500 theretofore imposed, affirmed, without costs and disbursements. Order entered September 14, 1964, committing defendant, reversed and vacated, on the law and the facts, without costs and disbursements. The above three orders arise from an action brought by a wife — now deceased — to compel her husband to account for property, of a value in excess of $50,000, received from her in a fiduciary capacity. On April 13, 1964, on plaintiff's motion, a receiver was appointed and the defendant was ordered "to turn over to said receiver, the proceeds from the sale of the securities from the plaintiff's account with Francis I. DuPont & Company totalling approximately $56,000". In June, 1964, this court, in Meurer v. Meurer (21 A D 2d 778) modified the order of April 13, 1964, to the extent of directing that defendant "forthwith account to the receiver and turn over to the receiver any of the proceeds aggregating $56,000 obtained by him from the sale of the securities and any assets traceable to such proceeds, in his possession or control". While that appeal was pending, the defendant was held in contempt of the April, 1964, order which we thereafter modified. The contempt order entered May 25, 1964, fined the defendant $500 ($375 to be paid to the receiver and $125 to the plaintiff). Following this court's modification of the April, 1964, order, defendant moved to vacate the May 25, 1964 order, holding him in contempt. That motion was granted on September 17, 1964, only to the extent of modifying the May, 1964 order so as to permit the defendant to purge himself of that contempt by complying with this court's modification of the April, 1964 order requiring the defendant to account to the receiver and by paying the fine of $500 theretofore imposed. However, on September 14, 1964, and prior to the making of the order entered on September 18, 1964, the court committed the defendant until he had complied with the April, 1964, order and paid the fines imposed by the order of May 25, 1964. In 21 A D 2d 778, this court held that the receiver "may take into his possession the specific proceeds of the sales of stock and traceable assets, in defendant's husband's possession or control, but no more". This, together with the modification provided in the order of September 17, 1964, made it incumbent on the defendant to make a complete disclosure to the receiver as to the disposition of the sales of these stocks and any traceable assets. The record before us demonstrates defendant's failure to account properly to the receiver and to turn over to the receiver the proceeds obtained by him from the sale of the securities and any assets traceable to such proceeds in his possession. Consequently, we affirm the contempt orders entered May 25, 1964, and September 18, 1964. The commitment order of September 14, 1964 is, however, reversed. That order, on its face, is predicated on the orders of April 16, 1964, and May 25, 1964, both of which were subsequently modified. Although affirming the order of September 18, 1964, we shall permit the defendant to purge himself of the contempt by paying the $500 fine fixed in that order within 20 days after service of a copy of the order to be entered herein with notice of entry and within such period submitting a detailed account to the receiver of the securities and moneys chargeable to him by that order and submitting himself to a complete examination by the receiver on the issues of the account, and then applying for a hearing on any issue raised on the accounting. During this period, pending an accounting and hearing, any application for commitment shall be held in abeyance; and upon compliance with the conditions imposed,

defendant may move to vacate the contempt order. The defendant should not be jailed for failure to turn over property which he does not have, or not under his control, but he must make a complete disclosure and turn over whatever is in his possession or control. He has not been entitled to any hearing thus far because he has not raised any issue, by evidentiary facts, as to the turnover or accounting. The record in the contempt proceedings before us shows only unsupported conclusory statements on his part. Settle order on notice. Concur — Botein, P. J., Breitel, Eager and Steuer, JJ.; Valente, J., deceased.